# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TROY ADAMS<br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED WOOD PRODUCTS<br>EMPLOYEE BENEFIT PLAN,<br>CONSOLIDATED WOOD PRODUCTS, INC.,<br>and<br>CARRIER CORPORATION<br>     Defendants. | CIVIL ACTION NO. 2:10-cv-310-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Consolidated Wood Products, Inc., ("Consolidated") and Carrier Corporation ("Carrier") Motion to Dismiss Plaintiff's State Law Claims (Dkt. No. 24 and 27), Michael Norwood's Motion to Intervene (Dkt. No. 36), Consolidated Wood Products Employee Benefit Plan's ("the Plan") Motion to Sever (Dkt. No. 43), and the Plan's Motion to Dismiss Troy Adams' Claim for Breach of Fiduciary Duty (Dkt. No. 47). Because the Court vacated its earlier Order Granting the Unopposed Motion of Michael Shane Norwood for Leave to Intervene and struck the Original Complaint in Intervention of Michael Shane Norwood (Dkt. No. 32), Consolidated's Motion to Dismiss Intervenor's Claims (Dkt. No. 23) and portions of Carrier's Motion to Dismiss Intervenor's Claims and Motion to Strike Same (Dkt. No. 27) are considered responses to Michael Norwood's Motion to Intervene. The Court has carefully considered the parties' submissions, the record, and the applicable law. For the following reasons, Consolidated's and Carrier's Motion to Dismiss Plaintiff's State Law Claims is GRANTED, Michael Norwood's Motion to Intervene is DENIED, Consolidated Wood

1

Products Employee Benefit Plan's Motion to Sever is DENIED AS MOOT, and the Plan's Motion to Dismiss Troy Adams' Claim for Breach of Fiduciary Duty is GRANTED.

I. **FACTUAL BACKGROUND**

On January 28, 2010, Mr. Troy Adams and his grandson, Mr. Michael Norwood, were injured when they were struck by wooden pallets failing from a tractor-trailer. (Dkt. No. 11.) The wooden pallets were originally picked up by Mr. Adams from the Carrier plant in Tyler, Texas. *Id.* Mr. Adams transported the pallets from the Carrier plant to his house where they were unloaded. (Dkt. Nos. 11 & 12.) While unloading the pallets, Mr. Adams and Mr. Norwood were injured when the wooden pallets fell from the tractor-trailer. *Id.* Mr. Adams was struck in the head and shoulder during the accident. (Dkt. No. 35.) Mr. Norwood was pinned beneath the pallets and his spine was severed leaving him a permanent T-10 paraplegic. (Dkt. No. 36.)

II. **PROCEDURAL BACKGROUND**

At the time of the accident, Mr. Adams was an employee of Consolidated and a participant in Consolidated Wood Products Employee Benefit Plan. Following the accident, Mr. Adams stated a claim for benefits under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) seeking to recover medical expense and lost wage benefits due to him under the Plan. He also alleged a claim under ERISA for breach of fiduciary duty. The Plan denied Mr. Adams claim contending that, at the time of the accident, Mr. Adams was not acting in the course and scope of his employment. (Dkt. No. 11.)

Mr. Adams originally filed this case on August 24, 2010, asserting an ERISA claim against only the Plan for (1) Denial of Benefits and (2) Breach of Fiduciary Duty. (Dkt. No. 1.) On September 29, 2010, Mr. Adams amended his Complaint, adding Carrier and Consolidated as

defendants and presented common law negligence claims. (Dkt. No. 11.) Mr. Adams contends that the Court has supplemental jurisdiction over the state law claims because they arise out of the same nucleus of operative facts so as to constitute a part of the same case or controversy.

Mr. Norwood filed a negligence claim against Consolidated and Carrier Corporation in Cherokee County, Texas on April 21, 2010. Mr. Norwood is not an employee of either Carrier or Consolidated, and is not a participant in the Plan. Shortly after Mr. Adams filed the amended complaint, Mr. Norwood filed an "unopposed" motion to intervene in this case. (Dkt. No. 12.) The Court initially granted this Motion and then later vacated it once the Court was informed that Defendants opposed the motion. (Dkt. No. 32.) Mr. Norwood then filed the pending opposed Motion to Intervene.

## III. ANALYSIS

It is undisputed that the Court has original jurisdiction of the ERISA denial of benefits claim. Thus, the threshold issue is whether the Court should exercise supplemental jurisdiction over Mr. Adams' state law claims. For the reasons discussed below, the Court declines to exercise supplemental jurisdiction over Mr. Adams' state law claims because these claims would substantially predominate over the ERISA denial of benefits claim. Similarly, Mr. Norwood's claims for mandatory intervention and permissive intervention also fail because he has not established that he has a legally protectable interest in Mr. Adams' ERISA claim.

### a. The Court's Maintains Jurisdiction over Mr. Adams' ERISA claims and Grants the Plan's Motion to Dismiss Mr. Adams' Claim for Breach of Fiduciary Duty.

The parties do not dispute that the Court has original jurisdiction of the ERISA claim. Thus, the Court will maintain jurisdiction over this claim. The parties, however, dispute whether the Mr. Adams can maintain the breach of fiduciary duty claim. In *Varity Corp. v. Howe*, 516 U.S.

3

489, 511-515 (1996), the Supreme Court observed that an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132. Because 29 U.S.C. § 1132(a)(1)(B), affords Mr. Adams an avenue for legal redress, he may not simultaneously maintain his claim for breach of fiduciary duty. *Rhorer v. Raytheon Eng'Rs & Constructors, Basic Life, Optional Life, Accidental Death & Dismemberment, & Dependent Life Ins. Plan*, 181 F.3d 634, 639 (5th Cir. 1999); *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610-11 (5th Cir. 1998). Based on this precedent, Adams breach of fiduciary claim is not properly before the Court. Therefore, the Plan's Motion to Dismiss Troy Adams' Claim for Breach of Fiduciary Duty is GRANTED. The Court also notes that Mr. Adams did not file a response to the Plan's motion. *See* Local Rule CV-7(d) ("In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.")

### b. The Court Declines to Exercise Supplemental Jurisdiction Over Mr. Adams State Law Claim

Section 1367 of Title 28 provides that a district court that has subject matter jurisdiction over a federal claim "shall have supplemental jurisdiction over all other claims that are so related to that they form part of the same case or controversy …" The Court, however, may decline supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). In this case, the Court finds that the ten state law claims predominate over Mr. Adams' single federal claim. The elements of proof necessary to prove the state law negligence claims goes well beyond the elements of proof necessary to prove a claim for denial of benefits. Thus, the exercise of supplemental jurisdiction over the state law claims would result in a "substantial expansion of [the] action beyond that necessary and relevant to the federal claim." *Green v. Zendrian*, 916 F.

Supp. 493, 498 (D. Md. 1996) (internal quotation marks and citations omitted).

In declining to exercising supplemental jurisdiction, this Court has considered "both the statutory provision of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-51 (1988), and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). First, the Fifth Circuit has held the right to a jury trial is not available under ERISA because such actions are inherently equitable. *Borst v. Chevron*, 36 F.3d 1308, 1323-24 (5th Cir.1994); *see also Graham v. Hartford Life & Accident Ins. Co.,* 589 F.3d 1345, 1355 (10th Cir. 2009) ("This court, along with several of our sister circuits, has concluded that the Seventh Amendment guarantees no right to a jury trial in a § 1132(a)(1)(B) action for benefits."). In contrast, Defendants Consolidated and Carrier have made a jury demand in answering the complaint including the state law claims. This in itself creates an efficiency issue because it requires the court to parse out the evidence and issues relating to the ERISA claims from the evidence and issues relating to the state law claims that are to be decided by a jury.

Second, even though the federal and state claims share a factual background, the Court finds that the "simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury …" *Cerrito v. Charter Twp. of Clinton*, 2008 U.S. Dist. LEXIS 107464 (E.D. Mich. Nov. 19, 2008). This is because the salient issue in the federal claim is whether Mr. Adams was acting in the course and scope of his employment. In contrast to this single issue, Mr. Adams state law claims include multiple allegations and claims. Specifically, Mr. Adams complains that

Consolidated negligently trained him, Consolidated negligently equipped him, Consolidated negligently directed his work, Consolidated failed to create and enforce practical safety rules, Consolidated negligently accepted work from Carrier, Carrier negligently trained its employees, Carrier negligently stacked the pallets in question, Carrier negligently selected employees to stack the pallets, Carrier negligently retained Consolidated, that he suffered negligent infliction of emotional distress, and "[o]ther acts of negligence that may be proved at trial." (Dkt. No. 11). The resolution of all of these claims require additional parties, involve multiple causes of action, and will necessarily involve discovery and analysis of significantly more evidence than is required to resolve the single federal claim. Thus, the apparent judicial economy and convenience to the parties would be negated if the Court were to exercise supplemental jurisdiction over the state law claims. Moreover, Mr. Adams contention that there is substantial overlap in the evidence between the ERISA breach of fiduciary duty claim and the state law claims is moot given that the ERISA breach of fiduciary duty claim is not properly before this Court.

Finally, comity favors permitting a Texas court to hear Mr. Adams' numerous state law claims. Texas has a distinct interest in adjudicating claims that arise under state law. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726 (1966) (quoted in *Lomax v. Armstrong Cork Co.*, 433 F.2d 1277, 1281 (5th Cir. 1970)). The doctrine of comity is served by the adjudication of Mr. Adams' state law claims in state court. Moreover, in the interest of fairness, nothing prevents Mr. Adams from intervening in the case brought by his grandson, Mr. Norwood, in Cherokee County. To be sure, Mr. Norwood filed his case four months before Mr. Adams filed the original complaint in this case, and five months

6

before Mr. Adams filed the amended complaint naming Consolidated and Carrier as defendants. In summary, because Mr. Adams' state law claims substantially predominate over the ERISA claim, the court declines to exercise supplemental jurisdiction over those state law claims. Therefore, Consolidated's and Carrier's Motion to Dismiss Plaintiff's State Law Claims is GRANTED.

### c. The Court Denies Mr. Norwood's Amended Motion for Leave to Intervene.

Absent a statutory authority granting a right to intervene, Fed R. Civ. P. 24(a)(2) allows intervention as of right when: (1) the motion is timely, (2) the proposed intervenor claims an interest related to the property or transaction underlying the action, (3) disposition of the action may impair or impede the intervenor's ability to protect that interest, and (4) the current parties do not adequately represent the intervenor's interest. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). Failure to meet any one of these requirements precludes intervention under Rule 24(a)(2). *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir.1996) (en banc). The movant bears the burden of establishing its right to intervene. *United States v. Texas E. Transmission Corp.,* 923 F.2d 410, 414 (5th Cir. 1991). The Court concludes that Mr. Norwood has at a minimum failed to establish that he has an interest in the ERISA claim pending before the Court.

"Even though Rule 24(a)(2) provides that propriety of intervention is to be tested by practical considerations, intervention still requires a 'direct, substantial, legally protectable interest in the proceedings.'" *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir. 1970) (quoting *Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C. 1968)). "By requiring that the applicant's interest be not only 'direct' and 'substantial,' but also 'legally protectable,' it is plain that

something more than an economic interest is necessary." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984). Mr. Norwood seeks to intervene because "[t]he only insurance policies provided by CONSOLIDATED and CARRIER to date provide $1 million in combined, single limit coverage." (Dkt. No. 36.) As stated in *United Gas*, "an economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2), and such intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action." *United Gas*, 732 at 466. Mr. Norwood was not an employee of either Consolidated or Carrier, and does not have a legally protectable interest in the ERISA claim pending before the Court. Therefore, the Court concludes that Mr. Norwood does not have a right to intervene under Fed R. Civ. P. 24(a)(2).

Mr. Norwood did not directly argue that he should be allowed to permissively intervene under Fed. R. Civ. P. Rule 24(b). Instead, Mr. Norwood only argued that he should be allowed to intervene as a matter of right under Rule 24(a)(2). Notwithstanding, Fed. R. Civ. P. 24(b)(1)(B) allows permissive intervention if the intervenor: (1) timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) has an independent basis for jurisdiction, if jurisdiction in the original action was based on diversity of citizenship. Fed. R. Civ. P. 24(b)(1); *see also* MOORE'S FEDERAL PRACTICE § 24.11 (Matthew Bender & Co. 2010); *Harris v. Amoco Production Co.,* 768 F.2d 669, 675 (5th Cir. 1985). Aside from these requirements, the decision whether to grant intervention under Rule 24(b) depends on the facts of each case and is entirely within the court's discretion. *Cajun Elec. Power Coop., Inc. v. Gulf States Utils, Inc.*, 940 F.2d 117, 121 (5th Cir. 1991) (no extraordinary facts to support claim that court abused discretion by denying intervention). Defendants do not contest that Mr.

Norwood's claims would raise some common questions of law and fact, or that Mr. Norwood timely filed his motion. Instead, Defendants contend that when a person seeks to intervene in an *in personam* action under a discretionary right pursuant to Rule 24(b), the intervention must be supported by independent grounds of jurisdiction, except when the action is a class action. *Johnson v. Riverland Levee Dist.*, 117 F.2d 711, 714-715 (8th Cir. 1941). *See* MOORE'S FEDERAL PRACTICE § 24.11 (Matthew Bender & Co. 2010); *Harris*, 768 F.2d 669, 675 (it is "well established" that "a party must have 'independent jurisdictional grounds' to intervene permissibly under Rule 24(b)").

After considering the facts of this case, the Court, in its discretion, will not permit Mr. Norwood to intervene under Rule 24(b) because his state law claims would overshadow the underlying federal claim and unnecessarily introduce numerous fact and proof issues into the ERISA case. Indeed, Mr. Norwood confirms this point by arguing in his motion that:

> "Both men assert claims for personal injuries and will be required to present individualized proof of liability, causation and damages. Independently of one another, Adams and Norwood must each establish the existence of a legal duty owed to them by Carrier and Consolidated, the breach of that duty as to them, the nature and extent of their injuries proximately caused by that breach and their own damages. To do so each man will be required to establish his own position *vis a vis* Carrier and Consolidated, his own role in the accident, his own injuries, his own course of medical care and his own pain and suffering, impairment and disfigurement."

(Dkt. No. 36 at 8.) As suggested by his own arguments, litigating Mr. Norwood's state law claims simultaneously with Mr. Adams' ERISA claim would unnecessarily complicate the ERISA claim. This is especially true given the Court's decision to not exercise supplemental jurisdiction over Mr. Adams' state law claims. For these reasons, the Court DENIES Mr. Norwood's Amended Motion for Leave to Intervene. Mr. Norwood's should continue to pursue his state law claims in

Cherokee County, Texas, where they were originally filed.

It is SO ORDERED.

SIGNED this 14th day of February, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE